## COMMONWEALTH *vs.* HORACE H. WAITE.

The legislature have power to make it a criminal offence to sell pure milk mixed with pure water.

A certificate of the result of an analysis of milk, by a sworn inspector appointed under *St.* 1864, *c.* 122, is admissible in evidence in a criminal prosecution under that statute, pro·vided he also testifies at the trial to the same facts which are stated therein; and in such case the admission of the certificate in evidence before he testifies furnishes no ground for a new trial, after a verdict of guilty.

INDICTMENT for selling adulterated milk. The defendant filed a motion to quash the indictment, on the ground that the indictment set forth no offence; but the motion was overruled.

At the trial in the superior court, before *Putnam*, J., the district attorney was allowed, under objection, to put in evidence a certificate of the result of an analysis of milk by Dr. James C White, a sworn inspector of milk appointed under *St.* 1864,

*c.* 122, which showed that the milk in question consisted of sixty-two parts and a fraction of pure cow's milk, and thirty-seven parts and a fraction of water intentionally added. This certificate was objected to on the ground that " the legislature had no power to make it evidence." Dr. White testified to all the facts set forth in the certificate.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. F. Pickering*, for the defendant. The *St.* of 1864, *c.* 122, is unconstitutional. It is no crime to sell pure milk and water, either separately or mixed, provided no fraud is used. A subsequent statute, *St.* 1865, *c.* 194, has made it criminal to sell adulterated milk, to be manufactured into butter, with intent to defraud. This shows that prior to this statute such sale was not criminal, and there is nothing in this case either averred or proved to show that the present sale was not for that purpose. The admission of the certificate was in violation of the Declaration of Rights, art. 12.

*Reed*, A. G., for the Commonwealth.

CHAPMAN, J. It has been settled that it is an offence against *St.* 1864, *c.* 122, to sell milk adulterated by water, and that guilty knowledge on the part of the seller need not be alleged or proved. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Nichols*, 10 Allen, 199.

The defendant in this case contends that the statute is unconstitutional, because it is in derogation of common right. The substance of the argument is this : It is innocent and lawful to sell pure milk, and it is innocent and lawful to sell pure water; therefore the legislature has no power to make the sale of milk and water, when mixed, a penal offence, unless it is done with a fraudulent intent. But it is notorious that the sale of milk adulterated with water is extensively practised with a fraudulent intent. It is for the legislature to judge what reasonable laws ought to be enacted to protect the people against this fraud, and to adapt the protection to the nature of the case. They have seen fit to require that every man who sells milk shall take the risk of selling a pure article. No man is obliged to go into the

business; and by using proper precautions any dealer can ascertain whether the milk he offers for sale has been watered. The court can see no ground for pronouncing the law unreasonable, and has no authority to judge as to its expediency.

The second section provides for the appointment of inspectors of milk, to analyze or test milk, and make and record a certificate of the result, and it further provides that such certificate when sworn to shall be admissible in evidence in all prosecutions under the act. A certificate of Dr. White, who was an inspector, was admitted in evidence in this case, and it is objected that the legislature had no power to make it evidence in a criminal case. But it further appears that he was a witness in the case, and testified to all the facts set forth in the certificate. We think this destroys the force of the objection, whatever it might have been otherwise.         *Exceptions overruled.*